IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL BARNES, Inmate #N01083,  )
                                 )
            Plaintiff,           )
                                 )
vs.                              )   Case No. 12-cv-0325-MJR
                                 )
WARDEN,                          )
                                 )
            Defendant.           )

MEMORANDUM AND ORDER

REAGAN, District Judge:

**MOTION FOR IFP**

This matter is before the Court on Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2). Plaintiff, an inmate confined at the Menard Correctional Center, seeks leave to proceed IFP in this case without prepayment of the Court's usual $350.00 filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. §1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

1

In this case, Plaintiff has tendered an affidavit of indigence that is sufficient as to form and a certified copy of his prison trust fund account statement, but this is not the end of the matter. Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute provides further that, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). Furthermore, under 28 U.S.C. § 1915:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed in the electronic docket of this Court and the Northern District of Illinois discloses the following actions brought by Plaintiff while a prisoner seeking redress from officers or employees of a governmental entity that have been dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted: *Barnes v. Welborn*, Civil No. 91-219-WDS (S.D. Ill., May 31, 1991); *Barnes v. Rosenblum, et al*, Civil No. 96-344-JPG (S.D. Ill., October 24, 1996); *Barnes v. Johnson, et al*, Civil No. 90-06900 (N.D. Ill., December 11, 1990);

2

*Barnes v. Bush, et al,* Civil No. 90-06901 (N.D. Ill., December 3, 1990); *Barnes v. Edgar, et al*, Civil No. 92-2355 (N.D. Ill., August 31, 1992); and *Barnes v. Bierman, et al*, Civil No. 91-960 (N.D. Ill., March 1, 1991). Because Plaintiff has six "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

In this case, Plaintiff's complaint, as well as his motion for leave to proceed IFP, are devoid of allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury: Plaintiff claims that his constitutional rights were violated because he was forced to cut his dreadlocks, which are a part of his Rastafarian beliefs.

Consequently, the Court will deny Plaintiff's motion for leave to proceed IFP in this case.

**LITIGATION HISTORY**

Furthermore, a serious misrepresentation in Plaintiff's complaint has come to light. In the section of Plaintiff's complaint where he is to list and describe any previous lawsuits, he indicates that he has not begun any other lawsuits in state or federal court relating to his imprisonment (Doc. 1, p. 2). However, not only has Plaintiff in fact filed the six actions discussed above, but also he has filed dozens of previous actions in various District Courts, including this Court, the Northern District of Illinois, and the Central District of Illinois. Plaintiff did not disclose <u>any</u> of his prior lawsuits in the instant complaint or motion to proceed IFP.

The Court relies on a party's litigation history listed in his or her complaint to adhere to the three-strike requirement of 28 U.S.C. § 1915(g), and thus there is a need for reliable information about prior litigation. As a result, where a party fails to provide accurate litigation history, the Court may appropriately dismiss the action for providing fraudulent information to the Court. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal). In addition, "the Plaintiff's omissions [failure to disclose prior lawsuits in his new complaint] suggest possible fraud on the court, which generally must 'lead to immediate termination of the suit.' *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999)." *Muhammad v. Walker*, Case No. 05-cv-1580 (Doc. 6, entered March 29, 2005). *See also* FED. R. CIV. P. 11; *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (a litigant who has previously received three "strikes" and fails to disclose that fact in a later-filed lawsuit may have his

4

action immediately terminated by the court as a sanction for this misconduct). Under this authority, the Court finds that the instant action is subject to immediate dismissal.

**DISPOSITION**

For these reasons, the Court **DENIES** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2). Plaintiff shall pay the full filing fee of $350.00 for this action within **14 days** of the date of entry of this Order. Finally, because of Plaintiff's attempt to defraud the Court as to his litigation history, this action is **DISMISSED** without prejudice to Plaintiff's bringing these claims in a fully pre-paid complaint. All other pending motions are **DENIED** as moot.

IT IS SO ORDERED.

DATED June 26, 2012

s/ MICHAEL J. REAGAN
MICHAEL J. REAGAN
United States District Judge